Cox *v.* Westcoat.

The demurrer must be overruled, with costs.

---

## Lois E. Cox

*v.*

## Sarah E. Westcoat.

1. As a general rule, in setting up the defence of usury, the usurious contract must be described with precision and accuracy, and proved as laid.

2. But when the complainant voluntarily confesses the taking of usury, and there is a variance between the contract alleged and that proved, the court, in order to give the defendant the benefit of facts admitted, will direct an amendment of the answer.

---

On final hearing on bill, answer and proofs.

*Mr. Benjamin D. Shreve*, for complainant.

*Mr. Herbert A. Drake*, for defendant.

THE VICE-CHANCELLOR.

The defence in this case is usury. The fact is admitted. The complainant, in her testimony, confessed she retained five per cent. of the sum agreed to be loaned. The circumstances, as she describes them herself, show very clearly that this amount was kept back pursuant to a pre-arrangement, and with a corrupt purpose. The law will infer a corrupt intent, where a lender takes more than the legal rate or interest. *Sussex Bank* v. *Baldwin*, 2 *Harr.* 496; *McMurtry* v. *Giveans*, 2 *Beas.* 351. But, with the fact on which the defence rests admitted, it is contended the defendant cannot avail herself of it, because the usurious contract proved, does not, in every respect, correspond with the contract set up in her answer. This defence has never been regarded with favor by the courts. Its maintenance has been hedged about with rigorous rules which have generally been enforced with great strictness. They were framed when the penalty for usury was the forfeiture of the debt, and when a borrower of a usurer could speculate on his own transgressions of the law. They are still in force and must be observed. There can be no doubt, in order to assert the defence of usury successfully, the defendant must, in his answer, as in a plea of usury in an action at law, set out the terms of the usurious contract with precision and accuracy, and prove the contract as laid. In the language of Chancellor Green, in *The New Jersey Patent Tanning Co.* v. *Turner*, 1 *McCart.* 329: "The corrupt agreement must be distinctly set out, and must be proved as alleged." Many other cases lay down the same rule. *Taylor* v. *Morris*, 7 *C. E. Gr.* 611; *Hannas* v. *Hawk*, 9 *C. E. Gr.* 126; *Turrel* v. *Byard, Ib.* 136; *Beatty* v. *Van Brenner, Ib.* 312; *Homeopathic M. L. Ins. Co.* v. *Crane*, 10 *C. E. Gr.* 422; *S. C. on appeal*, 12 *C. E. Gr.* 484; *Leake* v. *Bergen, Ib.* 360. This rule simply requires identity or

correspondence between the allegation and proof in their essential elements, and not that exact similitude shall exist in every particular. Ordinarily, a discrepancy in time, quantity, value or number is not fatal. To hold that a defendant must prove the contract in the very words in which it is laid, would, in effect, be a prohibition of the defence. Such a rule would be equivalent to a repeal of the statute. In setting up usury, three averments are deemed indispensable requisites: the sum foreborne, the time for which it is to be foreborne, and the amount in excess of legal interest taken. *Tyler on Usury* 457. These are necessary to enable the court to see that the contract alleged to be usurious, is forbidden by law.

Two material variances, it is insisted, exist in this case. The first relates to the manner in which the complainant made the contract—the answer says she made it by her agent, and the evidence shows the person alleged to have been her agent, was the agent of the defendant; and the second relates to the sum agreed to be paid as usury—the answer says it was $245, while the evidence shows it was only $175. In view of the facts, I am not willing to hold that the variance claimed renders the defence abortive.

As already remarked, usury is confessed. The complainant openly avows it. She has voluntarily admitted that the defence is true, but insists that, in the class of cases to which this belongs, strict legal rules have marked out a narrow path of vision for the court, and that they will allow nothing to be seen which does not fall precisely within its lines. I think the court has the power to enlarge or contract this pathway, as justice may require. I think it may always so adjust the line of vision as to see the truth. Its power of amendment, even in usury cases, is unquestionable. *Tyler on Usury* 463. It should always be exercised cautiously, but it will always be exerted when it is indispensable to the accomplishment of justice. *Glading* v. *Cubberly*, 2 *Stew.* 104. When the truth of a defence, which a defendant has a legal right to make, is voluntarily, and even ostentatiously con-

fessed by the complainant, neither the dignity of the court nor its sense of justice will allow it to declare that no defence exists. It can neither deny nor disown the truth, but must uphold it always. An amendment of the answer will be ordered. The mortgage is tainted with usury to the extent of $175. I will advise a decree sustaining the defence.